[L. A. No. 979.   Department One.—December 17, 1901.]

## J. J. MACK, Respondent, v. J. A. SHAFER et al., Defendants. RIVER VIEW OIL COMPANY, and J. D. BIDDLE, Appellants.

FORECLOSURE OF MORTGAGE—OIL LEASE OF PART OF LAND—TERM OF YEARS—RIGHTS OF LESSEES.—Where the mortgagor, subsequent to the mortgage, had leased part of the mortgaged premises for oil-mining purposes for a term of years, for one-eighth royalty as rent, the lessees, upon foreclosure of the mortgage, have the right to set up their lease, and to ask in their answer that the portion of the mortgaged premises unaffected by the lease be sold first, and that the lessees be allowed to redeem from any sale of the leased premises, or any part thereof.

ID.—JURISDICTION IN EQUITY—SEPARATE ACTION NOT REQUIRED.—The superior court, sitting as a court of equity in the action to foreclose the mortgage, should not compel the lessees made parties defendant to resort to a separate equitable action to redeem the leased premises, but should adjust the equities of the parties in that cause, and exercise the peculiar province and duty of a chancellor, to compel the mortgagee to resort first to the sale of the unleased premises.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion.

S. C. Smith, and J. H. Logan, for Appellants.

The complaint asked that the property be sold *en masse;* but the statute law, and the rules of equity applicable, required that it be sold in subdivisions.   (Code Civ. Proc., sec. 694; *San Francisco* v. *Pixley,* 21 Cal. 58; *Vigoureux* v. *Murphy,* 54 Cal. 346; *McLaughlin* v. *Hart,* 46 Cal. 638; *Raun* v. *Reynolds,* 11 Cal. 15.)   The lessees of the mortgagor were properly made parties, as having an interest in the mortgaged premises, and should not have been dismissed out of the action.   They had a right to intervene.   (Code Civ. Proc., sec. 387; *Coffey* v. *Greenfield,* 55 Cal. 382; *Coster* v. *Brown,* 23 Cal. 143; *Isaacs* v. *Jones,* 121 Cal. 261.)   The court sitting in equity in the foreclosure suit should have protected the rights

of the lessees by a prior sale of the unleased premises. (Civ. Code, secs. 2877, 2899, 3433; Boone on Mortgages, secs. 195, 196; 1 Story's Equity Jurisprudence, 223; *McLaughlin* v. *Hart,* 46 Cal. 638; *Raun* v. *Reynolds,* 11 Cal. 15, 20.) A tenancy for years is an interest in land referred to in section 2899 of the Civil Code, and confers a right of redemption thereof. (*Bacon* v. *Bowdoin,* 2 Met. 591; *Hamilton* v. *Dobbs,* 19 N. J. Eq. 227; Taylor's Landlord and Tenant, sec. 124; *Averill* v. *Taylor,* 8 N. Y. 44; *Lockhart* v. *Ward,* 45 Tex. 227; *Clarkson* v. *Skidmore,* 46 N. Y. 302; Jones on Mortgages, secs. 1065, 1066.)

T. M. McNamara, for Respondent.

A tenant is not the successor in interest of the mortgagor, and was not a proper party to the foreclosure suit. (*McDermott* v. *Burke,* 16 Cal. 580; *Tyler* v. *Hamilton,* 62 Fed. Rep. 187; *Teal* v. *Walker,* 111 U. S. 248.) The tenant has no right of redemption under the statute. (Code Civ. Proc., sec. 701.) The court should not determine any right of redemption in the foreclosure suit. (Code Civ. Proc., sec. 726; *Leviston* v. *Swan,* 33 Cal. 483; *Sichler* v. *Look,* 93 Cal. 609, 610.)

COOPER, C.—Appeal from judgment. In June, 1897, the defendants Shafer and wife executed and delivered to plaintiff's assignor certain promissory notes described in the complaint and the mortgage therein described to secure the same. The mortgage was upon the north half of the southeast quarter, the northeast quarter of southwest quarter, and southeast quarter of northwest quarter of section 2, in township 29 south, range 28 east, Mount Diablo base and meridian. This action, to foreclose the mortgage, was commenced on April 5, 1900. The defendants Shafer and wife were served with process and made default. The appellants answered, and in their answer alleged,—that, in August, 1899, defendants Shafer and wife executed and delivered to defendant Martin a lease of the southeast quarter of the northwest quarter, the northeast quarter of the southwest quarter, and the northwest quarter of the southeast quarter of section 2, being three of the forty-acre tracts described in the mortgage; the said lease was from the

twenty-sixth day of August, 1899, to the first day of January, 1920, and by its terms gave to said Martin and his assigns the exclusive right and privilege, during its term, to bore, drill, and mine for all and every kind of petroleum, oil, maltha, natural gas, asphaltum, and other hydrocarbons, in, upon, and under said lands, the one eighth of the products so extracted to be paid to the lessors as rent; that, immediately upon the execution and delivery of the said lease, the said defendant Martin entered into possession of the demised premises, and he and his assigns have ever since continued in possession, and have kept and performed all the conditions of the said lease, and the same is in full force and effect; that said lease was acknowledged and afterwards duly recorded; that, by its terms, said Martin had the right to assign the whole or any part of said leased premises, and, in January, 1900, he did assign and sublet to appellant River View Oil Company, by an instrument in writing, the northeast quarter of the southwest quarter of said section 2 for the remainder of the term stated in said lease, and said River View Oil Company ever since has been, and now is, in possession of the said portion of said leased premises so assigned to it; that, in January, 1900, the said Martin sublet to appellant Biddle, by an instrument in writing, the southeast quarter of the northwest quarter of said section 2, for the remainder of the term stated in said lease, and said appellant Biddle immediately entered into possession, and ever since has remained in possession, of the premises so sublet to him; that, some time in the year 1900, the said Martin sublet to defendant Pennsylvania Oil Company, by an instrument in writing, the northwest quarter of the southeast quarter of said section 2, and the said Pennsylvania Oil Company entered into possession, and ever since has remained in possession, of the premises so sublet to it; that each of the contracts, of assignment and subletting, were duly acknowledged and recorded; that appellants have expended large sums of money in purchasing tools, erecting derricks, and carrying out the terms and conditions of said lease on their part; that, as appellants are informed and believed, this said action is not brought in good faith, but for the sole purpose of defeating, canceling, and annulling the rights and interests of the appellants in and to the leased premises; that the defendants Shafer and wife are still the owners in fee of the northeast quarter of the southeast quarter

of said section 2, and there are no liens or incumbrances upon the same, other than the lien of plaintiff's mortgage, and the same is worth, and would sell for, enough to satisfy any judgment the plaintiff may obtain.

The prayer of the answer is that the said northeast quarter of the southeast quarter of said section, being the portion not covered by the leases so made, be sold first, and that if any portion of the premises so leased and sublet to appellants be sold, to satisfy any judgment the plaintiff may obtain, the appellants may be allowed to redeem the same. To the said answer the plaintiff demurred, upon the ground that it does not state facts sufficient to constitute a defense or counterclaim. The demurrer was argued and submitted, and afterwards, on motion of the plaintiff, the court made an order dismissing the action as to these appellants, and as to all the defendants, except Shafer and wife. Judgment of dismissal was accordingly entered. The court in its order directed that the dismissal be "without prejudice to the rights of defendants to file a complaint or bill in equity to redeem." The facts set forth in the answer of appellants must be taken as true for the purposes of this appeal. If true, the appellants had the right to a decree directing that the forty acres not included in the lease be sold first. Appellants were in a court of equity. The action to foreclose the mortgage was brought on the equity side of the court. It was not necessary to compel them to go out of a court of equity in an action in which they had been made parties, and to begin a new action in the same court, for the purpose of being allowed to redeem. The plaintiff had come into court for the purpose of enforcing his lien upon four forty-acre tracts of land. If he could enforce his lien and secure the amount due him, by first selling the forty acres upon which no third parties had interests or claims subsequent to his mortgage, it was the peculiar province and duty of the chancellor to compel him to do so. The maxim, "Do unto others as you would they should do unto you," is one of the foundations upon which the decree of a court of chancery is based. It is a general principle of courts of equity that where one party has a lien on or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has the right to compel the former to resort to the other fund, in the first instance, for satisfac-

tion, if that course be necessary for the satisfaction of the
claims of both parties, wherever it will not infringe upon the
rights or operate to the prejudice of the party entitled to
the double fund. It is also established by the decisions of courts
of equity, in conformity with the above principle, that wher-
ever one buys land which is subject to a lien, which is also a
lien upon other land belonging to the vendor, the vendee may
require the creditor to proceed, in the first instance, against
the latter land not covered by the conveyance. This rule not
only applies to a vendee, but to any one having a substantial
and valuable interest in any of the separate parcels of land.
It has been applied in favor of the wife's dower and her
homestead right. It has been applied in favor of judgment
creditors, and, in fact, to almost all the transactions of
business in which the rights of creditors, mortgagees, grantees,
and lessees are involved before a court of equity. In the early
case of *Aldrich* v. *Cooper,* 8 Ves. 382, Lord Eldon said, in
speaking of the right of the court to compel the marshaling
of assets: "If the court would not compel him, is it not clear
that it is purely matter of his will, whether the simple contract
creditors be paid or not? That, at least, contradicts all the
authorities, that if a party has two funds (not applying now
to assets particularly), a person having an interest in one only
has a right in equity to compel the former to resort to the
other, if that is necessary to the satisfaction of both. . . .
*The principle in some degree is, that it shall not depend upon
the will of one creditor to disappoint another."* (See notes
to *Aldrich* v. *Cooper,* 8 Ves. 382; and 2 White and Tudor's
Leading Cases in Equity, pt. 1, pp. 238 to 353, where the
subject is carefully examined and the cases fully cited. See,
also, Story's Equity Jurisprudence, secs. 633, 1233d; Jones
on Mortgages, secs. 1620-1621.)

Section 2899 of the Civil Code contains the above rule in a
concise form: "Where one has a lien upon several things,
and other persons have subordinate liens upon, or interest in,
some but not all the same things, the person having the prior
lien, if he can do so without risk or loss to himself, or of
injustice to other persons, must resort to the property in the
following order, on the demand of any party interested:
1. To the things upon which he has an exclusive lien; 2. To
the things which have the fewest subordinate liens; 3. In like

manner inversely to the number of subordinate liens upon the same thing; and 4. When several things are within one of the foregoing classes and subject to the same number of liens, resort must be had,—1. *To the things which have not been transferred since the prior lien was created;* 2. To the things which have been so transferred without a valuable consideration; and 3. To the things which have been so transferred for a valuable consideration in the inverse order of the transfer.''

In this case, the appellants would have had the right to have the property sold in the order as prayed for in their answer, if upon the trial it should have been found that the allegations of the answer were true.

It follows that the judgment should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Harrison, J., Garoutte, J., Van Dyke, J.